**Melva SHANKER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 76–775C(4).

United States District Court, E. D. Missouri, E. D.

April 18, 1977.

Phillip J. Paster, Blumenfeld, Kalishman, Marx, Tureen & Paster, P.C., Clayton, Mo., for plaintiff.

Barry A. Short, U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., Max H. Lauten, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon cross motions for summary judgment. Plaintiff brought this suit, pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422, seeking to recover tax refunds allegedly due her.

The facts underlying this suit are basically undisputed. In 1974, plaintiff filed claims for refund of her individual income taxes paid by her for the years 1968, 1969, and 1970. The Internal Revenue Service acknowledged that there had been overpayments but then credited these overpayments to other tax liabilities of plaintiff. See 26 U.S.C. § 6402(a) authorizing such action. This same procedure was followed with refunds owed to plaintiff on her 1973, 1974 and 1975 individual taxes. The other tax liability, to which the refunds were credited, resulted from plaintiff's status as a transferee of the estate of Sam Melman, Jr. This estate has failed to pay its federal estate tax. The parties do dispute whether any taxes are in fact owed by plaintiff for this estate tax. Plaintiff, however, has not filed any claim for refund of the taxes so credited; she has only filed claims for refunds of her own individual taxes, which refunds were acknowledged but then credited to the transferee liability.

The issue is whether plaintiff must file a new claim for refund of the monies applied to her transferee liability where the monies so applied had been the subject of a claim for refund. The Court concludes that plaintiff must so apply and accordingly, will grant defendant's motion.

Title 26 U.S.C. § 7422 provides that a taxpayer must file a claim for refund before maintaining any suit to recover taxes alleged to have been erroneously collected. Absent the filing of such a claim, this Court is without jurisdiction. *Cf., United States v. Memphis Cotton Oil Co.,* 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933); *Clement v. United States,* 472 F.2d 776 (1st Cir. 1973); *Transport Manufacturing & Equipment Company v. Commissioner of Internal*

*Revenue,* 480 F.2d 448 (8th Cir. 1973). Plaintiff made such claims for her individual income taxes, refunds were acknowledged, and the Commissioner as he is authorized to do applied the refunds to other tax liabilities. 26 U.S.C. § 6402. Plaintiff's contention at this juncture must be that this credit was improper. She has filed no claim for refund, however, on this basis. The claims for refunds filed in connection with her individual taxes are insufficient to give this Court jurisdiction over her claim that the refunds should not have been credited to the transferee liability.

Accordingly, defendant's motion for summary judgment will be granted and plaintiff's motion will be denied.