Melva SHANKER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 77–1407.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1977.

Decided Feb. 15, 1978.

Philip G. Kaplan, Blumenfeld, Kalishman, Marx, Tureen & Paster, P. C., Clayton, Mo., for appellant; Phillip J. Paster and Theodore Ponfil, Clayton, Mo., on brief.

Carleton D. Powell, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Barry A. Short (former U. S. Atty.), St. Louis, Mo., and M. Carr Ferguson, Asst.

Atty. Gen., and Gilbert E. Andrews, Atty., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before ROSS, STEPHENSON and WEBSTER,* Circuit Judges.

ROSS, Circuit Judge.

Melva Shanker is an individual taxpayer who suffered a net operating loss and, based on that loss, filed a claim for refund of income taxes paid by her in the years 1968, 1969 and 1970. The Internal Revenue Service reviewed the taxpayer's accounts and on March 15, 1976, issued statements of adjustment, acknowledging that she was entitled to refunds of taxes and interest thereon in the following amounts: for 1968 —$8,256.66; for 1969—$8,490.00; and for 1970—$1,222.00.[1] The taxpayer was notified that before the overpayment could be refunded the government had to check its records to see that she owed no other taxes. She was later notified that the overpayments had been credited to other alleged tax liability as follows:

| Amount applied | Form | Tax period ended |
| --- | --- | --- |
| $8,256.66 | 1040 | 12–31–69 |
| 158.06 | 1040 | 12–31–69 |
| 7,192.72 | 1040 | 2002 |
| 1,222.00 | 1040 | 2002 |
| 118.00 | 1040 | 2001 |
| 256.00 | 1040 | 2001[2] |
| 504.11 | 1040 | Dec. 31, 1969 |

The notification did not indicate to the taxpayer that if she questioned the application of her refunds it would be necessary for her to file another claim; and she never filed a claim regarding the taxes to which the refunds were credited.

On August 27, 1976, the taxpayer filed suit in the United States District Court for the Eastern District of Missouri, claiming that she was not indebted for any taxes and asking for judgment in the amount of the refund acknowledged by the IRS. The district court, finding it lacked jurisdiction because of the taxpayer's failure to file a claim based on the government's allegedly erroneous application of the refunds, pursuant to 26 U.S.C. § 7422(a),[3] granted the government's motion for summary judgment. The taxpayer appeals.

On appeal the taxpayer contends that during discovery she learned for the first time that the overpayments acknowledged by the IRS had been applied to an alleged transferee estate tax liability. In August of 1972 the IRS had advised the taxpayer that it had made an assessment against her as a transferee of property from the estate of Sam Melman, Jr.[4] Shanker contends that the underlying liability of the Melman estate, and thus her transferee liability, had been extinguished by an action of the United States Tax Court[5] and that action is res

---

* Judge Webster participated in the hearing of this case but did not participate in the preparation of the opinion.

1. In subsequent audits the government acknowledged that Melva Shanker was entitled to refunds for the years 1973, 1974 and 1975, in a total amount of $873 plus interest, based on net operating loss carry forwards.

2. The government admits that it made an error in the form sent to the taxpayer indicating how the acknowledged overpayment had been applied.

3. 26 U.S.C. § 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his

delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

4. Although Sam Melman, Jr., died on November 1, 1967, the tax liability of his estate has never been satisfactorily resolved. It has been involved in litigation in the United States District Court for the Eastern District of Missouri, *Melman v. Walters*, Civ. No. 73–C–182(4) (E.D. Mo., filed Sept. 10, 1973), and in the United States Tax Court, *Estate of Melman v. Commissioner*, No. 8300–29 (T.C., filed Mar. 8, 1974). We are advised there is still pending litigation concerning that estate.

5. On March 4, 1974, the Tax Court entered an order, pursuant to an agreement of the parties, indicating that the tax liability of the Melman estate was $29,820.31; that no liability was being assessed to the estate; that no tax had been paid by the estate; and that no deficiency was to be assessed. *See Estate of Melman v.*

judicata here; that she has fully complied with § 7422(a); and that the government has waived its right to require her to file additional claims for refunds.

The government argues that the court lacks jurisdiction because the taxpayer has *not* fully complied with § 7422(a). It contends that her original claim for refund, based on her net operating loss, was acted on favorably by the IRS, and the overpayments were credited to other tax liabilities pursuant to 26 U.S.C. § 6402(a);[6] that she did not file a claim *subsequent* to the application of that credit; and that she now seeks to litigate the transferee liability for which she has filed no claim.

Technically the government is correct. Section 7422(a) makes the filing of a claim a jurisdictional prerequisite to a suit for refund in federal court. Since the requirement is jurisdictional it cannot be waived. *See Bohn v. United States*, 467 F.2d 1278, 1280 (8th Cir. 1972). We agree that there is good reason for the requirement. The filing of a claim allows the IRS to investigate, make an administrative determination of the taxpayer's liability, and possibly avoid court action. The claim "advise[s] the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, * * *." *United States v. Felt & Tarrant Manufacturing Co.*, 283 U.S.

269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931). This works very well in a singular refund action. However, in this case it appears that the taxpayer is riding a merry-go-round operated by the IRS in an irresponsible manner. The matter should have been settled without the necessity of court action.

Although we find it necessary to uphold the district court's determination that it lacked jurisdiction, we are advised that the taxpayer filed the necessary § 7422(a) claim, challenging the application of her acknowledged refund, on July 11, 1977, and the statutory[7] six month period has elapsed. We, therefore, remand this case and order that the district court allow the taxpayer to amend her complaint so that the two issues may be litigated jointly, and the circularity created by the administrative merry-go-round may come to an end.[8] "The law needs to be precise, but it should not travel in circles." *Transport Manufacturing & Equipment Co. v. Commissioner*, 480 F.2d 448, 451 (8th Cir. 1973).

*Commissioner, supra.* The parties seem to agree that the transferee liability is still disputed. At oral argument taxpayer's counsel indicated that he wanted an opportunity to litigate that issue.

6. 26 U.S.C. § 6402(a) provides:

In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

7. 26 U.S.C. § 6532(a)(1) provides:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his dele-

gate renders a decision thereon within that time, * * *.

8. This court, at oral argument, inquired as to whether the parties might attempt to settle their dispute. On December 14, 1977, the taxpayer proposed a resolution of all outstanding disputes whereby the administrator of the Melman estate would deliver a check to pay the estate tax in full and, simultaneous with that delivery, the Internal Revenue Service would deliver a check for the taxpayer's refunds, together with statutory interest thereon. For reasons unknown to this court, the IRS flatly refused this offer and the Department of Justice failed to state the reasons, if any.

On remand the district court should ascertain the reason for the government's refusal to accept the taxpayer's proposed settlement offer. If it appears to the district court that this action by the government was arbitrary or unreasonable, the court should order settlement pursuant to the taxpayer's suggestion.