# STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 154-4-20 Wncv

Alfred Brochu,
    Plaintiff

v.

DECISION ON MOTION

Name Unknown-Acting Warden,
Name Unknown-Acting Commissioner,
    Defendants

## The State's Motion to Dismiss

Petitioner Alfred Brochu is a Vermont inmate in a non-Compact out-of-state facility. See 28 V.S.A. §§ 1601–1621 (Interstate Corrections Compact). According to the complaint and its attachments, he fully exhausted a grievance complaining of insufficient medical care related to chronic neuropathy (including effective medication and diabetic prescription shoes), the lack of a heating pad, and something called KOPs (with which the court is not familiar). He did not receive a response at any step of the process. The final step, appeal to the commissioner, was dated January 16, 2020. Never receiving a response, Mr. Brochu filed this Rule 75 action on April 6, 2020. The State has filed a motion to dismiss on two bases: (1) that the complaint is untimely even though the commissioner never responded to the administrative appeal, and (2) regardless, the Department of Corrections could not have had any responsibility for Mr. Brochu's medical care because it delegated all such responsibility to the out-of-state facility housing Mr. Brochu.

The complaint is not untimely. Under Rule 75(c), a complaint must be filed within 30 days of an administrative action or, in the event of a failure to act, "within six months after expiration of the time in which action should reasonably have occurred." Here, the commissioner failed to act, Mr. Brochu had six months in which to file, and he obviously did so.

Relying on an irrelevant case, the State argues that Mr. Brochu nevertheless was stuck with the 30-day appeal period. Its Kafkaesque logic is that, once Mr. Brochu's administrative appeal was filed with the commissioner, the commissioner had 20 days to respond. DOC Directive 320.01, Procedural Guidelines § 15(b)(i) ("The Commissioner's office will respond to all appeals within twenty (20) business days of receiving the appeal."). Because the commissioner did not so respond, Mr. Brochu had notice that his appeal was denied, and the 30-day appeal period applies. The State relies on *Akey v. Haag*, No. 1:05–CV–331, 2007 WL 1266123 (D. Vt. May 1, 2007) for this circularity.

The issue in *Akey* was whether an inmate had waited for a response from the commissioner long enough before seeking review in court under a previous version of Directive 320.01 that gave the commissioner "a reasonable time" to issue such a response. The court concluded that Akey had waited long enough, had not received a response, and thus had

exhausted his administrative remedies for purposes of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The *Akey* case had nothing to do with Rule 75 or the length of an appeal period.

*Akey* has no bearing whatsoever on this case. The timing issue here is a simple one of applying Rule 75(c), and that shows that the complaint was filed in a timely manner. "The law needs to be precise, but it should not travel in circles." *Transport Mfg. & Equip. Co. v. C. I. R.,* 480 F.2d 448, 451 (8th Cir. 1973).

The State also argues that inmate healthcare in Mr. Brochu's out-of-state facility is, by contract with the company that runs that facility, the responsibility of that company and not the DOC. Therefore, concludes the State, the DOC could not have had any responsibility for any deprivation of Mr. Brochu's healthcare.

The State appears to confuse the delegation of a duty with the actual provision of services required in the exercise of that duty. The Vermont DOC plainly has the duty to provide medical care to inmates. See, e.g., 28 V.S.A. §§ 101(1), (2); 801; 801a; 801b; 907. Whether it may contract with third parties to provide medical services in satisfaction of that duty does not absolve it of the duty in the first instance.

Order

The State's motion to dismiss is denied.

This matter will be set for a status conference at which Mr. Brochu and the State are expected to be prepared to intelligently address the medical complaints at issue in this case.

Robert R. Bent,
Judge

2