**HIGGINSON v. SCHOENEMAN et al.**

No. 10834.

United States Court of Appeals
District of Columbia Circuit.

Argued April 18, 1951.

Decided June 14, 1951.

George E. H. Goodner, Washington, D. C., with whom Scott P. Crampton, Washington, D. C., was on the brief, for appellant.

Harry Marselli, Sp. Asst. to Atty. Gen., with whom Ellis N. Slack and Lee A. Jackson, Sp. Assts. to Atty. Gen., and George Morris Fay, U. S. Atty., Washington, D. C., were on the brief, for appellees.

Before EDGERTON, CLARK and BAZELON, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia wherein the appellant's motion for summary judgment was denied and appellees' motion to dismiss the complaint was granted.

This suit was instituted by the appellant, a citizen of the United States and the Commonwealth of Massachusetts, then residing in England, against the appellees, both as individuals and in their respective official capacities as officers of the United States. The complaint requested a mandatory order requiring the appellees to pay a balance due on a final judgment of the Court of Claims, which was entered on April 4, 1949. The opinion of the Court of Claims concluded as follows: "Judgment will be entered in favor of plaintiff [appellant here] for the total amount due with interest, in accordance with the findings of fact and the foregoing opinion, upon the filing by the parties of a computation or stipulation showing the exact amounts of the several overpayments, the dates of payment, and the amounts on which and the dates from which interest at 6% per annum is to be included in the judgment." [81 F.Supp. 251, 268.]

The parties filed their stipulation, and it was approved by the Bureau of Internal Revenue. It provided that:

"* * * the Court [of Claims] may enter judgment for the plaintiff [appellant here] in the amount of $5,303.99 with interest thereon at six per cent per annum from the dates and on the amounts as follows:

| Interest from | Amount |
|---|---|
| December 8, 1938 | $2,008.79 |
| March 7, 1939 | 234.66 |
| March 12, 1940 | 304.64 |
| October 15, 1942 | 2,344.26 |
| June 30, 1943 | 411.64" |

The judgment of the Court of Claims recited the stipulation and awarded interest as computed in the stipulation. When the judgment of the Court of Claims became final on July 3, 1949, a judgment claim was filed by the appellant with the Commissioner of Internal Revenue. The Commissioner sent the appellant a check for the principal of the judgment and interest of $947.62; this represented interest during the period the appellant was not resident in England. No interest was paid by the Commissioner for the period from December 8, 1941, to December 31, 1947, when the appellant was resident in England. After the appellant protested the nonpayment, the Commissioner replied that the elimination of the interest involved was required by § 3804 of the Internal Revenue Code, 56 Stat. 961, 26 U.S.C. § 3804 (1942), since the appellant was outside of the Americas during that period. Consequently the appellant filed his suit for a mandatory order to require the appellees to pay the remaining interest of $1,751.26.

 The judgment itself is plain. It awards interest from the dates set forth at six per centum per annum. As this term is commonly used, it has always meant continuous interest from the dates specified until the obligation is discharged. The appellees do not contend the contrary. They have urged this Court to go behind the Court of Claims judgment and correct it to read "with interest as provided by law." Obviously we cannot go beyond the final judgment itself. It is universally recognized that a final judgment of a court of competent jurisdiction, of the parties and the subject matter, is not subject to such a collateral attack. 1 Freeman, Judgments § 305 (5th ed. 1925), 576 et seq., 31 Am.Jur.

175, § 401, 49 C.J.S., Judgments, § 401, p. 792, 155 A.L.R. 465 note. Sound public policy dictates that there shall be an end to litigation, once heard on its merits. And it is essential to the orderly administration of justice that the valuable rights incorporated into such solemn records as judgments should not lightly be disturbed or overthrown.

This was the rule which this Court adopted when it affirmed the denial of a petition for habeas corpus which sought to collaterally attack a criminal conviction. Hodge v. Huff, 1944, 78 U.S.App.D.C. 329, 140 F.2d 686, certiorari denied 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567. This was likewise the rule adopted by our court in National Ben. Life Ins. Co. v. Shaw-Walker Co., 1940, 71 U.S.App.D.C. 276, 111 F.2d 497, certiorari denied Shaw-Walker Co. v. National Ben. Life Ins. Co., 311 U.S. 673, 61 S.Ct. 35, 85 L.Ed. 432. In the Shaw-Walker case a collateral attack was made on an equity receivership proceeding in a subsequent statutory receivership proceeding. This Court again refused to permit the attack on the prior decree when it determined that the court in the equity receivership proceeding had jurisdiction.

█ █ The conclusion is inescapable that the appellees are making a collateral attack on the judgment here in question under the definition adopted by this Court in Edward Thompson Co. v. Thomas, 1931, 60 U.S.App.D.C. 118, 49 F.2d 500. In that decision this court quoted from 15 R.C.L. 838, § 311: "A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void ab initio."

█ The appellees have, in effect, chosen to disregard the final judgment of the Court of Claims. The basis for their refusal to comply with the judgment is that § 3804 of the Internal Revenue Code of 1942 prohibits the payment of the interest while the appellant was outside of the Americas. If, as the appellees contend, the judgment of the Court of Claims should have read "with interest *as provided by law*," the remedy of the appellees was to apply for a modification of the judgment in the Court of Claims. This was not done, and the judgment was permitted to become final after the lapse of the statutory period. Consequently we are of the opinion that the appellant is entitled to collect on his Court of Claims judgment from the dates specified "to a date preceding the date of the refund check by not more than thirty days". 62 Stat. 973 (1948) as amended, 63 Stat. 106, 28 U.S.C.Supp. § 2411 (1949).

█ The appellees next contend that mandamus will not lie since it must be determined whether Section 3804 of the Internal Revenue Code of 1942 is applicable to defeat the operation of the judgment in relation to interest. We are of the opinion that the appellee has misconstrued the rule applicable in mandamus proceedings. In Wilbur v. United States, 1930, 281 U.S. 206, 50 S.Ct. 320, 324, 74 L.Ed. 809 the United States Supreme Court stated the rule as follows:

"Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either.

"* * * But it does not follow that these administrative duties all involve judgment or discretion of the character intended by the rule just stated. Where the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary. But where the duty is not thus plainly prescribed, but depends upon a statute or statutes the construction or application of which is not free

from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."

■ The appellees cannot in the face of a judgment which is specific and definite in its terms, follow a course contrary to the judgment. Once the Court of Claims judgment became final there was no discretion left as to what action could be taken. We have determined that the duty to pay this judgment is purely ministerial and hence mandatory.

The judgment of the lower court is therefore reversed and this suit is remanded with instructions to grant a mandatory order that the judgment of the Court of Claims be paid unless within thirty days from the date of this decision the appellees shall have applied to the Court of Claims for an order modifying the decree of that Court. If the order is not or cannot be modified, the mandatory order shall nonetheless issue.

Reversed and remanded.