EMPIRE ORDNANCE CORPORATION
et al., Appellants,

v.

Russell C. HARRINGTON, Internal Revenue Service, Robert B. Anderson, U. S. Treasury Department, Appellees.

No. 13786.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 12, 1957.

Decided Oct. 17, 1957.

Messrs. John L. Ingoldsby, Jr., and Frederick R. Tansill, Washington, D. C., with whom Mr. Patrick J. Head, Washington, D. C., was on the brief, for appellants.

Mr. Richard M. Roberts, Atty., Dept. of Justice, for appellees. Asst. Atty. Gen., Charles K. Rice, and Messrs. Oliver Gasch, U. S. Atty., Ellis N. Slack, Robert N. Anderson and Joseph F. Goetten, Attys., Dept. of Justice, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court dismissing the complaint with prejudice, and discharging the rule to show cause which had been issued. Empire Ordnance Corporation (hereinafter called Empire) and Pencoyd Realty Co. (hereinafter called Pencoyd) are corporations organized under the laws of the State of Delaware. Pencoyd is a wholly owned subsidiary of Empire.

The record discloses that on February 5, 1948, the Commissioner of Internal Revenue (hereinafter called the Commissioner) issued three notices of deficiency relating to appellants pursuant to § 272 (a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a) (1), in connection with excess profits tax for the years ending July 31, 1942, July 31, 1943 and July 31, 1944. Within the time permitted by law, Empire and Pencoyd filed petitions in the Tax Court for a redetermination of their tax liabilities as set

forth in the notices. After considerable negotiation and in 1955, a stipulation of settlement of these cases was agreed upon by the parties and, after approval by the Joint Congressional Committee on Internal Revenue Taxation in accordance with § 6405 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6405, stipulations of settlement were filed in the Tax Court. As a result of these settlement stipulations and on December 5, 1955, the Tax Court rendered its decisions determining as follows: Overpayments in favor of Pencoyd in Docket No. 18261 in the total sum of $37,799.87; in favor of Empire in Docket No. 18262 in the total sum of $738,735.17; and in favor of Empire in Docket No. 18263 in the total sum of $81,463.02. In the last mentioned case a deficiency of $14,844.67 was also determined.[1]

After the time for seeking review had expired, appellants made demands upon the Commissioner for payment, all of which were refused.

Appellants instituted this action in the District Court against the Commissioner and the Secretary of the Treasury seeking a mandatory order to compel the Commissioner to refund the overpayments determined by the Tax Court, on the theory that the Commissioner has a positive duty to make the payments as provided by §§ 6402(a) and 6512(b) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6402(a), 6512(b), and that such duty is mandatory and purely ministerial. On motion of appellants, there was issued an order to show cause why a mandatory order should not issue compelling appellees to pay over the sums due appellants under the Tax Court's decisions of December 5, 1955. In their answer, appellees urged that mandamus is not the appropriate proceeding to enforce the payments claimed, and set forth the reasons why the overpayments in favor of Empire and Pencoyd have not

been refunded. After certain admitted liabilities of Empire and Pencoyd to the United States were listed, appellees further urged that the balance after applying these offsets

"should not be refunded because either (i) Empire Ordnance Corporation, Pencoyd Realty Company and the organizations mentioned in paragraph four [of the affidavit of the Commissioner] are now and have been since their inception in fact and in law one entity; therefore, there are no overpayments refundable to Empire Ordnance Corporation, or (ii) the Empire Ordnance Corporation and The Pencoyd Realty Company since the inception of the organizations listed in paragraph four above have dominated and controlled those organizations in every way so that those organizations were merely the agents and instrumentalities of Empire Ordnance Corporation or The Pencoyd Realty Company or both of them so that Empire Ordnance Corporation or The Pencoyd Realty Company or both of them are liable for the Federal tax liabilities of those organizations and the overpayments made by Empire Ordnance Corporation or The Pencoyd Realty Company or both of them should be credited against the tax liabilities of the organizations listed in paragraph four above."[2]

The District Court entered an order dismissing the complaint, relying on the case of United States ex rel. Girard Trust Co. v. Helvering, 1937, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272. This appeal followed.

Mandamus is an extraordinary writ which will not issue if there is an adequate remedy at law. And the Girard case so held:

"When the determination of overpayment by the Board becomes final,

---

1. It is to be noted that the Commissioner made no claim of corporate entity in defending the redetermination proceedings in the Tax Court.

2. The tax liability of these allegedly dominated and controlled corporations was for the years ending July 31, 1942, 1943, 1944, 1945, 1946 and 1948. The liabilities asserted against these corporations exceed appellants' claimed refund.

the statute provides that such amounts shall be refunded or credited, section 322(d), 26 U.S.C.A. § 322 (d) and note, and upon the Commissioner's failure to comply with the statute, a plenary suit will lie in the District Court or the Court of Claims, for the recovery of any refund to which he is entitled. * * * And in such a suit the Commissioner may secure a final adjudication of his right to withhold the overpayment determined by the Board, on the ground that other taxes are due from the taxpayer, or that upon other grounds he is not equitably entitled to the refund." [301 U.S. at pages 542, 543, 57 S.Ct. at page 856.]

Appellants cite Higginson v. Schoeneman, 89 U.S.App.D.C. 126, 190 F.2d 32, but this case is obviously not in point. There a judgment of the Court of Claims was involved not a decision of the Tax Court; and there the question involved merely the payment of that judgment. We held that, as the judgment of the Court of Claims was specific and definite in its terms, the duty to pay was ministerial and mandatory. There was involved a collateral attack on the judgment itself.

Here there is no attack upon the decisions of the Tax Court but simply upon the right of the Commissioner to offset against them claims dehors those decisions. Even if the decisions of the Tax Court are entitled to such standing as contended by appellants, this does not help them. Appellees simply assert the right of the Commissioner to have offset against those decisions other claims which, if established, would not affect the decisions themselves but would in fact recognize them and compel the Government to pay only the net amount, if any, due after such offset.

■ Appellants assert that the finality of Tax Court decisions has changed in recent years since the Girard case and that they have materially increased in force and in dignity through the statutory plan to such an extent that the Girard case is no longer applicable. But even though the dignity of decisions of the Tax Court may have increased,[3] the jurisdiction of the Tax Court is still limited, as it was at the time of Girard, to a determination of the amount of deficiency or overpayment. Revenue Act of 1928, §§ 272, 322(d), 507.[4] The decisions, while being *res judicata* as to the deficiency or overpayment, still leave open the question of whether the taxpayer is entitled to a refund of any overpayment. The Commissioner, under § 6402 of the Internal Revenue Code of 1954, has the authority to credit the amount of any overpayment "against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." Even in the case of a final judgment in a plenary suit against the United States, the Comptroller General has the authority to withhold payment to the extent that such person is indebted to the United States. 31 U.S.C.A. § 227 (1952). The record discloses that the Comptroller General has been advised of the facts, and has been requested to take appropriate action in regard to the crediting of the overpayments referred to.

■ We do not need to decide that a taxpayer may never obtain relief by writ of mandamus; we merely hold that the instant case is not an appropriate one for its use.

As we conclude that the issue is not one which should be adjudicated in a proceeding for mandamus, the order will be affirmed without prejudice to any other appropriate proceeding for the refund of the tax.

Affirmed.

---

3. But cf. Lasky v. Commissioner, 9 Cir., 1956, 235 F.2d 97, affirmed without opinion, 1957, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598.

4. This language is not substantially different from that presently found in § 6512 (b) of the Internal Revenue Code of 1954.