**Bruneau E. HEIRICH and Kathleen Heirich, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 61 C 488.**

United States District Court, N. D. Illinois, E. D.

Nov. 19, 1971.

George D. Crowley, Crowley, Barnett & Goschi, Chicago, Ill., for plaintiffs.

William J. Bauer, U. S. Atty., Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This is a post-judgment proceeding involving a motion by the United States of America (the Government), directing me to enter a satisfaction of judgment order in the cause of Bruneau E. Heirich and Kathleen Heirich v. United States of America (No. 61 C 488) in which case the Heirichs charged the Government with illegally assessing and collecting certain sums of money for taxes. The Heirichs oppose the Government's motion.

On February 21, 1967, a judgment predicated on a jury verdict in favor of the Heirichs against the Government was entered in the amount of $7,356.71. On November 21, 1967, said judgment was enlarged, *nunc pro tunc,* in the sum of $7,356.71 plus interest. In lieu of payment, the Government credited the judgment against the Heirichs' outstanding 1953 income tax liability, pursuant to Section 6402(a) of the Internal Revenue Code of 1954, which provides in pertinent part that:

"In the case of any overpayment, the Secretary or his delegate, within

the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . . "

■ I do not dispute the Government's first contention that the Supreme Court decision of United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272 (1937), recognized the Commissioner's authority to withhold payment when the taxpayer has an outstanding tax liability. Nonetheless, the decision also indicates that after a final determination of overpayment by the Board of Tax Appeals and the Commissioner's failure to refund or credit such overpayment, a taxpayer must subsequently sue the Commissioner, and in that separate and independent adjudication the Commissioner may interpose as a defense for nonpayment the taxpayer's outstanding tax liability. *Girard* does not suggest that the Government may move the Court in which judgment was entered pursuant to a jury verdict for entry of an order that the crediting of an overpayment against a tax deficiency constitutes satisfaction of the judgment. Quite the contrary, *Girard* suggests that the alleged tax deficiency would have to be judicially determined in a separate adjudication.

I further agree with the Government that "even in the case of a final judgment in a plenary suit against the United States, the Comptroller General has the authority to withhold payment to the extent the plaintiff is indebted to the United States. 31 U.S.C. § 227." United States v. Rochelle, 363 F.2d 225, 233 (5th Cir. 1966); Empire Ordnance Corp. v. Harrington, 102 U.S.App.D.C. 14, 249 F.2d 680 (1957).

■ The Government has presented cases supporting the undisputed contention that the Government may credit any overpayment of tax to an outstanding liability even when the overpayment results from a judicial determination. Still these cases do not bear upon the question of whether or not the Government is entitled to an order that their administrative disposition of the overpayment constitutes satisfaction of the judgment after such judgment has been entered against it on the verdict of a jury. Failure by the Government to present any decision wherein the Government was permitted to make such a motion, convinces me that to act upon the motion would be either improper or discretionary.

The motion is improper since it moves upstream against the current of the traditional execution of judgment principles. Having exercised its statutory or regulatory prerogative under Section 6402(a), the Government may walk from this judicial arena with body erect and head held high. It has done all that is required. It need do no more. Under settled execution of judgment principles, the initiative lies with the Heirichs either to move before me, or before another court, for execution on its judgment. In that proceeding, the merits of the Government's defense for nonpayment, to wit, the alleged tax deficiency may be fully litigated. See United States ex rel. Girard Trust Co. v. Helvering, *supra.*

Further, the motion before me at best is one which addresses itself to the discretion of the Court, since its import is to ask me to give a declaratory judgment regarding the merits of the alleged outstanding tax liability of the Heirichs. See 28 U.S.C. § 2201. Moreover, there appears to be no statutory authority granted or directive given to the Court by statute upon which the entry of such an order lawfully would rest.

Accordingly, under either circumstance expressed above, I respectfully decline to entertain the motion. Necessarily, therefore, I am compelled to enter an order striking the motion.