**ORDER**

**Raye Ellen STILES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–730C.

United States Court of Federal Claims.

June 13, 2000.[1]

Raye Ellen Stiles, pro se.

Charles J. Crueger, with whom were Paula M. Junghans, Acting Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section and David Gustafson, Assistant Chief, United States Department of Justice, Washington, DC, for defendant.

HEWITT, Judge.

On January 18, 2000, this court entered judgment in this matter in favor of plaintiff. On February 7, 2000, the Office of the Clerk of the Court received plaintiff's Motion for Reconsideration and Clarification of Order (Plaintiff's Motion I). Because plaintiff failed to timely file her motion, it was returned to plaintiff by Order of the court filed February 8, 2000. In response, plaintiff filed a Motion for Reconsideration and Motion to Vacate and Set Aside Order (Plaintiff's Motion II) on February 18, 2000. In Plaintiff's Motion II, plaintiff requests that the court reconsider its February 8, 2000 Order, and allow Plaintiff's Motion I to be filed. Plaintiff's Motion II is GRANTED. The Clerk of the Court is directed to file Plaintiff's Motion I.

In Plaintiff's Motion I, plaintiff requests that this court modify its order granting judgment in favor of plaintiff to order defendant to "pay [plaintiff] the judgment directly and to not retain any of those monies for themselves as they are planning to do." Plaintiff's Motion I at 2. As an explanation for this request, plaintiff states, "Defendants have sought this judgment motivated by their intent to not pay any judgment to Ms. Stiles, but to attempt to apply that judgment to monies purportedly due to them." *Id.* at 1.

In Defendant's Response to Plaintiff's Motion for Reconsideration (Defendant's Response), defendant raises two important points with respect to plaintiff's claim. Defendant states that "the Internal Revenue Service has the right under I.R.C. § 6402 to credit the refund owed in this case against any unpaid liabilities." Defendant's Response at 2. Internal Revenue Code § 6402 provides, "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interested allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment...." I.R.C. § 6402(a). Upon examination of the

1. This Order was originally filed on June 8, 2000. The caption was revised on this date to follow conventions of format for published orders and opinions.

language of the statute and relevant caselaw, the court is uncertain about its applicability to the present matter where, unlike a situation involving the offset of a tax overpayment against a tax owed, a court's judgment regarding the overpayment is involved. Although at least one court has stated that I.R.C. § 6402 is applicable to situations involving judgments, neither this court, nor the Federal Circuit, has so held. *See Heirich v. United States,* 340 F.Supp. 283 (N.D.Ill.1971) (stating with reference to § 6402, that "even in the case of a final judgment in a plenary suit against the United States, the Comptroller General has the authority to withhold payment to the extent plaintiff is indebted to the United States").

Whether or not I.R.C. § 6402 is relevant to the present matter, the court finds 31 U.S.C. § 3728 to be applicable. Section 3728 states:

(a) The Secretary of the Treasury shall withhold paying that part of a judgment against the United States Government presented to the Comptroller General that is equal to a debt the plaintiff owes the Government. (b) The Secretary shall—(1) discharge the debt if the plaintiff agrees to the setoff and discharges a part of the judgment equal to the debt; or (2)(A) withhold payment of an additional amount the Secretary decides will cover legal costs of bringing a civil action for the debt if the plaintiff denies the debt or does not agree with the setoff; and (B) have a civil action brought if one has not already been brought.

31 U.S.C. § 3728(a)-(b) (1994 & Supp.1997). This court has recognized that "[t]he right of the United States to set off its debts against those of a creditor is firmly established in both case law and statutory authorization." *Tatelbaum v. United States,* 10 Cl.Ct. 207, 210 (1986). Although such a case has not arisen in this court, other federal courts have applied the provision to tax suits. *See In re Cascade Roads, Inc.,* 34 F.3d 756 (9th Cir. 1994).

In Plaintiff's Motion I, plaintiff also states that "as the date the refund was due and payable to her preceded any subsequent IRS debts, it should be paid directly to her." Plaintiff's Motion I at 1. In Defendant's Re-

sponse, defendant states that this court lacks jurisdiction over tax years plaintiff did not bring before the court in her complaint. Defendant's Response at 2. Under the Anti-Injunction Act, I.R.C. § 7421, plaintiff is prevented from bringing suit "for the purpose of restraining the assessment or collection of any tax." I.R.C. § 7421. *See also Sanders v. United States,* 34 Fed.Cl. 38, 48 (1995) (stating that the Anti-Injunction Act does not contain an express waiver of sovereign immunity against the United States). The Anti-Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the Internal Revenue Service from collecting that tax. *See Jones v. United States,* 889 F.2d 1448, 1449–50 (5th Cir.1989). The taxpayer's recourse is to pay the tax and then bring suit for a refund of the tax. *See id.* Because plaintiff's claim does not fall under one of the Anti-Injunction Act's statutory exceptions, this court does not have jurisdiction to hear plaintiff's claim requesting the court to order defendant "to pay [plaintiff] the judgment directly and to not retain any of those monies for themselves as they are planning to do." Plaintiff's Motion I at 2.

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Clarification of Order (Plaintiff's Motion I) is DENIED.

IT IS SO ORDERED.