David N. RUSSELL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–181.

United States Court of Federal Claims.

Aug. 29, 2007.

David N. Russell, Monroe, NC, pro se, for plaintiff.

Jennifer P. Wilson, with whom were Richard T. Morrison, Acting Assistant Attorney General, David Gustafson, Chief, and Mary M. Abate, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Judge.

This action was brought by David N. Russell, pro se, against the United States (government or defendant) for the return of money collected through a levy on plaintiff's wages by the United States, acting through the Internal Revenue Service (IRS), for back taxes.

## I. Background

### A. Procedural History

Plaintiff filed a complaint with this court on March 16, 2007, seeking the return of money collected by defendant through a levy on plaintiff's wages and compensatory damages. Verified Complaint (plaintiff's complaint or Compl.), Mar. 16, 2007, 1. On May 3, 2007, plaintiff filed an Application for a Temporary Restraining Order and Application for a Preliminary Injunction seeking to prevent defendant from collecting additional unpaid taxes through the levy. Application for Temporary Restraining Order and Application for Preliminary Injunction (plaintiff's motions or Pl.'s Mots.), May 3, 2007, 1. On May 7, 2007, this court issued an Order directing defendant to respond to plaintiff's complaint and plaintiff's motions in one document. Order, May 7, 2007, 1.

In response to this court's Order, defendant filed a Motion by the United States to Dismiss Plaintiff's Complaint and Response to Plaintiff's Motions for Equitable Relief (defendant's motion or Def.'s Mot.) on May 17, 2007. Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and alternatively, to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. 1. Further, defendant opposes plaintiff's motions and argues that this court lacks jurisdiction to grant the equitable relief requested by plaintiff in plaintiff's motions. *Id.* at 1–2, 11. The responsive briefing comprises Plaintiff's Responsive Memorandum to United States' Motion to Dismiss Plaintiff's Complaint and Response to Plaintiff's Motions for Equitable

Relief (plaintiff's response or Pl.'s Resp.) filed June 18, 2007, and the Reply by the United States to Plaintiff's Response to the Motion by the United States to Dismiss Plaintiff's Complaint (defendant's reply or Def.'s Reply) filed July 11, 2007. On August 20, 2007, plaintiff filed additional motions seeking disposal of pending motions before the court and an extension of time to file the joint pretrial status report. Motion for Orders Disposing of Motions Pending Before the Court and Motion for Extension of Time to File a Joint Pretrial Status Report (plaintiff's motions filed on August 20, 2007 or Pl.'s Aug. 20 Mots.), Aug. 20, 2007, 1. For the following reasons, defendant's motion to dismiss is GRANTED and plaintiff's applications for a Temporary Restraining Order and Preliminary Injunction are DENIED. The court deems plaintiff's motions filed on August 20, 2007, to be MOOT.

### B. Plaintiff's Tax Payment History and the Levy on Plaintiff's Wages

This claim arises because of an IRS levy placed on plaintiff's wages to collect the outstanding balance of plaintiff's self-assessed tax liabilities for the tax periods ending December 31, 1999, and December 31, 2000. Compl. Ex. B1, 1; Def.'s Mot. Ex. 1, 5; Def.'s Mot. Ex. 2, 13. Plaintiff filed joint tax returns with his spouse for 1999 reporting a tax liability of $58,647.90, for 2000 reporting a tax liability of $62,478.86 and for 2004 reporting a tax liability of $53,400.00. Def.'s Mot. 2. Plaintiff and his spouse paid $9,000 toward their 1999 tax liability and $47,400 toward their 2004 tax liability. *Id.* "The IRS assessed penalties and interest for all three tax years." *Id.* As of April 2007, plaintiff had outstanding balances for the three tax years totaling $162,543.52. *Id.* at 3.

On March 2, 2006, the IRS issued a Notice of Intent to Levy (notice of intent) to plaintiff for all three tax years at issue. *Id.* The notice of intent informed plaintiff that a tax lien could be filed at any time and that the IRS might use a levy to collect any part of the outstanding tax liability that plaintiff failed to pay within thirty days of receipt of the notice. *Id.* The notice of intent also informed plaintiff that a request for a Collec-

tion Due Process (CDP) hearing must be made within thirty days of receipt of the notice of intent to be considered timely and to preserve plaintiff's right to appeal the IRS decision to the United States Tax Court (Tax Court) or the United States district court. *Id.* The IRS received no response from plaintiff regarding this initial notice. *Id.* On June 9, 2006, the IRS issued a second notice of intent containing the same information as the March 2, 2006 notice of levy regarding tax year 1999. Def.'s Mot. 3; Compl 3. The IRS issued a second notice of levy regarding tax years 2000 and 2004 on July 5, 2006. Def.'s Mot. 3; Compl. 3.

On June 26, 2006, plaintiff submitted a request for a CDP hearing regarding the notice for the 1999 tax year. Compl. 3; Def.'s Mot. 3. However, the request was incorrectly prepared because plaintiff had failed to include his spouse's name on the form or obtain the signature of his spouse as is required for jointly filed returns. Def.'s Mot. at 3–4. Plaintiff was informed of the inadequacy of the request by letter on July 6, 2006. *Id.* at 3. Plaintiff submitted a revised request for a CDP hearing challenging the notice of levy for tax year 1999 on July 27, 2006 which included an explanation that plaintiff and his spouse were separated and plaintiff's spouse would not sign the required form. *Id.* at 4; Compl. 3. The IRS received the revised hearing request on August 11, 2006. Def.'s Mot. Ex. 9, 39.

In the meantime, on July 21, 2006, the IRS issued Notices of Federal Tax Lien (notices of lien) for all three of the tax years at issue. Def.'s Mot. 4. Plaintiff responded on August 26, 2006 by requesting a CDP hearing regarding the notices of lien for all three tax years. *Id.* Plaintiff was notified by letter from an IRS appeals officer on November 27, 2006 that plaintiff's CDP hearing request regarding the notice of intent was received and the hearing would take place telephonically on December 14, 2006. *Id.* Plaintiff was informed in the letter of the hearing procedure, provided with examples of issues the appeals officer deemed non-frivolous and additional information plaintiff was required to submit in order for alternative collection procedures to be considered. *Id.* at 4–5. The

appeals officer also told plaintiff that because his request for a CDP hearing on all three tax years at issue was timely, no levy action could take place until the appeals process was final. *Id.* at 5. Plaintiff requested that the hearing take place through written correspondence rather than over the telephone and requested additional time to prepare on December 5, 2006. *Id.* The appeals officer granted plaintiff's request on December 11, 2006 and plaintiff submitted his argument in writing on December 19, 2006. *Id.;* Compl. 3.

However, upon a complete review of plaintiff's file, the IRS appeals officer determined that plaintiff's request for a CDP hearing regarding the notices of intent was not timely because the notice of intent was originally sent on March 2, 2006 and the correctly completed hearing request form was not received until August 11, 2006. Def.'s Mot. 5. Because the request was not timely, plaintiff received an equivalent hearing rather than a CDP hearing and collection action was not required to be suspended pending the outcome of the hearing and any appeal. *Id.* at 5–6. The IRS put a levy in place and issued a Notice of Levy to plaintiff on January 25, 2007. Compl. Ex. B1, 1. After completing its review of evidence submitted by plaintiff, the IRS issued a Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330 (notice of determination) and a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code on March 7, 2007 upholding the issuance of notice of intent and filing of the lien. Def.'s Mot. Ex. 17, 82; Def.'s Mot. Ex. 16, 78. The notice of determination informed plaintiff that if he elected to challenge the findings of the appeals officer, plaintiff needed to file an appeal in the Tax Court within thirty days of receipt of the notice. Def.'s Mot. Ex. 17, 82. Finally, on March 13, 2007, the IRS collected $7,624.75 from plaintiff through a levy on plaintiff's wages and applied it toward plaintiff's outstanding liability for tax year 1999. Def.'s Mot. 6; Def.'s Mot. Ex. 1, 9.

C. Plaintiff's Complaint

Plaintiff alleges that the levy on his wages violates a number of statutory and constitu-

tional provisions. Compl. 1. Plaintiff's complaint contains seven "counts" with each count including a number of claims. Compl. *passim.* Because some claims are repeated and overlap in different counts, the court has endeavored to identify the various claims found within the seven counts. The court understands plaintiff to have made the following claims: the IRS has illegally seized plaintiff's property; the seizure violates the Fourth Amendment; the seizure violates both the Due Process Clause and the Takings Clause of the Fifth Amendment; the procedures employed by the IRS violate the Administrative Procedures Act and the Internal Revenue Code; the levy violates the plaintiff's First Amendment, Ninth Amendment and Fourteenth Amendment rights; the action is in violation of the Sixteenth Amendment; and the action violates the Bill of Attainder Clause of Article I. *See* Compl. *passim.*

## II. Discussion

### A. Standard of Review

RCFC 12(b)(1) governs the dismissal of claims for lack of subject matter jurisdiction. In deciding a motion to dismiss, "the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). However, the burden of proof of establishing jurisdiction is borne by the plaintiff. *McNutt v. Gen. Motors,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). If the defendant challenges jurisdictional facts, the plaintiff must support them with "competent proof." *Id.* The plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988). Jurisdiction is a threshold matter and a case can proceed no further if the court lacks jurisdiction to hear it. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). RCFC 12(b)(6) governs the dismissal of a claim for the failure to state a claim upon which relief can be granted. The court will not dismiss a complaint "for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. *See United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Tucker Act is the primary statute establishing the jurisdiction of the court. 28 U.S.C. § 1491(a)(1) (2000). In relevant part, the statute provides that this court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." *Id.*

However, plaintiff must establish more than the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court. The Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages, but the plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, or regulation, or statute, or Constitutional provision itself, in order for the case to proceed. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). As stated by the Federal Circuit, the alleged source of the substantive right to money damages must "be *reasonably amenable* to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred,' ... a *fair inference* will do." *Fisher v. United States (Fisher),* 402 F.3d 1167, 1173–74 (Fed.Cir.2005) (en banc) (quoting *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)) (emphases and omission in original).

■ The Federal Circuit recently clarified that in *Fisher* it considered three grounds on which the government "might file a motion to

dismiss in a Tucker Act case: (1) lack of subject matter jurisdiction due to the lack of a money-mandating source; (2) failure to state a claim upon which relief can be granted due to lack of a money-mandating source; and (3) failure to state a claim upon which relief can be granted because the plaintiff is ultimately not entitled to recover money damages under the statute." *Greenlee County v. United States,* 487 F.3d 871, 876 (Fed.Cir.2007). The Federal Circuit reiterated that this court is to resolve motions to dismiss under grounds one and two "by a 'single step' at the outset of the case and 'the determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action." *Id.* (quoting *Fisher,* 402 F.3d at 1172–73). Therefore, if the contract, regulation, statute, or constitutional provision relied on by plaintiff as the basis of a claim is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the claim due to the lack of subject matter jurisdiction.

■ In addition, the Tucker Act confers jurisdiction on the Court of Federal Claims over suits specifically for the refund of taxes concurrently with the United States district courts. *See Usibelli Coal Mine v. United States,* 54 Fed.Cl. 373, 375 n. 6; 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(1). However, the Supreme Court has limited the jurisdiction of this court in tax refund suits to those claims in which the taxpayer has paid fully all tax assessed for the tax year at issue prior to the initiation of the claim (full payment rule). *Flora v. United States (Flora),* 362 U.S. 145, 155, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), *aff'g* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). The Federal Circuit has held that the full payment rule is applicable to tax refund claims brought pursuant to the Tucker Act as well as claims initiated under 28 U.S.C. § 1346(a)(1). *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993) (citing *Tonasket v. United States,* 590 F.2d 343, 218 Ct.Cl. 709, 711–12 (1978); *Katz v. United States,* 22 Cl.Ct. 714, 714–15 (1991)). The full payment rule established by the

Supreme Court in *Flora* therefore means that if "the principal tax deficiency has not been paid in full, such tax refund claims are dismissed...." *Shore,* 9 F.3d at 1526.

The court recognizes that pro se plaintiffs are entitled to liberal construction of their pleadings. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652; *see also Skillo v. United States,* 68 Fed.Cl. 734, 739 (2005). The court also recognizes that pleadings drafted by pro se claimants should not be held to the same standard as pleadings drafted on behalf of those represented by counsel. *See Vaizburd v. United States,* 384 F.3d 1278, 1285 n. 8 (Fed.Cir.2004). "This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed. Cl. 497, 499 (2004), *aff'd* 98 Fed.Appx. 860 (Fed.Cir.2004) (table). Pro se litigants therefore must be held to the same jurisdictional requirements and rules as litigants represented by counsel. *Kelley v. U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987).

### C. The Court Lacks Jurisdiction Over Plaintiff's Tax Claim

■ Generally, this court only has jurisdiction over a tax dispute in the form of a tax refund action where the taxpayer has paid the disputed tax in full and has applied for a refund. *Skillo,* 68 Fed.Cl. at 740–41. Plaintiff does not characterize his claim as a claim for a refund of taxes paid. Plaintiff is "seeking the return of personal property belonging to [p]laintiff illegally seized and taken under color of the internal revenue laws...." Compl. 1. This claim can be characterized in two ways. First, the court can construe it to be a claim of an unauthorized collection action. Alternatively, the court can construe it to be a refund request for taxes paid. Regardless of in which of these two ways the court construes the claim, the court does not have jurisdiction of the tax claim.

1. The United States District Court Has Exclusive Jurisdiction Over Claims For Damages Alleging Unauthorized Collection Actions by the IRS

It appears to the court that plaintiff is alleging that the levy placed on plaintiff's

wages by the IRS is illegal and unauthorized. *See* Compl. *passim.* Section 7433(a) of Title 26 of the United States Code (the Internal Revenue Code or Code) provides a remedy in civil damages for the unauthorized collection of taxes. In relevant part, the statute provides that:

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service ... disregards any provision of this title ... such taxpayer may bring a civil action for damages against the United States in a *district court* of the United States. Except as provided in section 7432, such civil action shall be the *exclusive remedy* for recovering damages resulting from such actions.[1] 26 U.S.C. 7433(a) (emphasis and footnote added); *see also Betz v. United States,* 40 Fed.Cl. 286, 293. Because § 7433(a) grants exclusive jurisdiction over claims of damages stemming from the unauthorized collection of taxes to the United States district court, this court lacks jurisdiction to hear plaintiff's case.

2. The Court Lacks Jurisdiction Over Claims for Tax Refunds When the Tax Has Not Been Fully Paid and No Refund Application Has Been Submitted

■ If, alternatively, plaintiff is claiming the overpayment of taxes and requesting that the court order the government to refund the alleged overpayment, it is not within the jurisdiction of the court to do so. A taxpayer's claim for a refund of overpaid tax is not within the jurisdiction of the court unless three requirements have been met: the tax assessed for the tax year in question has been paid in full; plaintiff applied to the IRS for a refund; and plaintiff has provided the court with the documentation (including evidence that a timely refund request has been filed) required by RCFC 9(h)(6). *See Fry v. United States,* 72 Fed.Cl. 500, 510 (2006).

■ Plaintiff's claim does not meet those requirements. Plaintiff has outstanding tax liabilities for all three tax years in question.

*See* Def.'s Mot. 2; Def.'s Mot. Ex. 1, 5; Def.'s Mot. Ex. 2, 13; Def.'s Mot. Ex. 3, 20. As discussed in part II.B, the full payment rule, which has been established by both the Supreme Court and the Court of Appeals for the Federal Circuit, requires this court to dismiss any claim for a refund for a tax year with respect to which the assessed taxes have not been fully paid. *See Flora,* 362 U.S. at 155, 80 S.Ct. 630; *Shore,* 9 F.3d at 1526. Because plaintiff has outstanding tax liability for each of the three tax years at issue, the court must dismiss the case.

Second, before a civil suit can be initiated for a refund, a taxpayer must apply for a refund from the IRS. 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary ..."); *Rosenberg v. United States,* 72 Fed.Cl. 387, 391 (2006); *Fry,* 72 Fed.Cl. at 503. There is no evidence before the court that plaintiff has applied for a refund from the IRS. *See* Compl. *passim;* Def.'s Mot. *passim.*

Finally, RCFC 9(h)(6) requires that certain information be provided to the court in order for a tax refund suit to be maintained. In relevant part, RCFC 9(h)(6) provides that a plaintiff's pleadings must include "the date and place the claim for refund was filed ... [and a] copy of the claim for refund shall be annexed to the complaint[,]" in any action for the refund of federal tax. RCFC 9(h)(6). If the claim for the return of money collected by the IRS through a levy on plaintiff's wages is construed as a tax refund suit, the court must dismiss the case due to lack of jurisdiction because plaintiff fails to meet any of the three requirements for such suits.

D. The Administrative Procedures Act Does Not Confer Jurisdiction on the Court of Federal Claims to Review Agency Decisions

■ Plaintiff argues that the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–

---

1. Section 7432 of the Internal Revenue Code (Title 26 of the United States Code) provides that the a civil suit for damages against the Internal

Revenue Service (IRS) may be brought in the district court for the failure to remove a lien. 26 U.S.C. § 7432.

06, brings plaintiff's claim within the jurisdiction of this court. Compl. 5, 7–9. In relevant part, the APA provides for judicial review of final agency decisions. 5 U.S.C. §§ 704–06. However, the APA only allows for judicial review of "final agency action for which there is no other adequate remedy in a court...." 5 U.S.C. § 704. In this case, the final IRS decision could have been reviewed in another court, the Tax Court. *See* Def.'s Mot. Ex 17, 82 ("If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter."). In addition, the APA confers jurisdiction for judicial review of final agency decisions on the United States district court and not the Court of Federal Claims. *See Martinez v. United States,* 333 F.3d 1295, 1313 (Fed.Cir. 2003) (en banc); *Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir.1993) ("[T]he Claims Court has no authority to invoke the APA."); *McNabb v. United States,* 54 Fed. Cl. 759, 767 (2002). The APA does not bring plaintiff's claim within the jurisdiction of the court.

### E. The Court Lacks Jurisdiction Over Plaintiff's Claims Arising From Sources That Are Not Money–Mandating

Plaintiff cites to a number of amendments to the United States Constitution in an attempt to invoke the jurisdiction of the court. As described above in part II.B above, the provision of the constitution invoked by plaintiff must constitute a money-mandating source to bring the claim under the jurisdiction of the court. The court will address each amendment raised by plaintiff in his complaint to determine whether it can fairly be interpreted to constitute a money-mandating source.

 The First Amendment does not mandate the payment of damages for its breach and cannot be construed as a money-mandating source. U.S. Const. amend. I; *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) ("[T]he first amendment,

standing alone, cannot be so interpreted to command the payment of money." (citing *Featheringill v. United States,* 217 Ct.Cl. 24, 32–33, 1978 WL 5755 (1978))). Similarly, based on a plain language reading of the text, the Fourth Amendment cannot be viewed as providing a right to money damages for its breach. U.S. Const. amend. IV; *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate the payment of money by the United States." (citing *Shaw v. United States,* 8 Cl.Ct. 796, 800 (1985))). The Due Process Clauses of the Fifth and Fourteenth Amendments cannot be viewed as constituting money-mandating sources either. U.S. Const. amend. V; U.S. Const. amend. XIV; *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.1995) ("[T]he due process clause does not obligate the government to pay money damages."); *see also Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987).

 Based on a plain language reading of the Ninth Amendment, the court does not perceive how the Ninth Amendment could be construed as a money-mandating source. Plaintiff's invocation of the Sixteenth Amendment is similarly unavailing. The court does not perceive how the amendment authorizing the government to collect taxes could possibly constitute a source mandating the payment of money to plaintiff. *See* U.S. Const. amend. XVI. The final constitutional provision cited by plaintiff is the Bill of Attainder Clause. Plaintiff does not assist the court in determining what legislative act is alleged to be a bill of attainder. *See* Compl. 1. The court does not perceive how the Internal Revenue Code can be construed as a bill of attainder, and more importantly, how the Bill of Attainder Clause can constitute a money-mandating source. *See Fry,* 72 Fed.Cl. at 506–07.

Nor does the court perceive how the provisions of the Internal Revenue Code cited by plaintiff can constitute money-mandating sources. Plaintiff alleges that the government violated 26 U.S.C. § 165(a) and 26 U.S.C. § 212.[2] Compl. 6, 10. These provi-

---

**2.** Plaintiff refers to both 26 U.S.C. § 212 and 26 U.S.C. § 212(a) in his complaint. Compl. 6, 10. Section 212 does not have a sub-section (a). *See*

26 U.S.C. § 212 (2000). The analysis of the court therefore addresses only 26 U.S.C. § 212.

sions allow taxpayers to take a deduction from income under certain conditions. *See* 26 U.S.C. § 165(a); § 212. These provisions do not constitute a money-mandating source. Plaintiff also alleges that the government acted in violation of 26 U.S.C. § 6330 and 26 U.S.C. 6213(a). Compl. 6. These provisions relate to procedures to be followed prior to issuance of a levy (including notice and the right to appeal) and the requirements for issuing a deficiency and the period for appeal, respectively.[3] 26 U.S.C. § 6330; § 5213(a). Violation of either of these provisions, if the defendant did in fact violate either, cannot be viewed by the court as constituting a money-mandating source.

### F. The Payment of Tax is Not A Taking Under the Fifth Amendment

■ The Takings and Just Compensation Clauses of the Fifth Amendment do constitute a money-mandating source and claims under these clauses are within the jurisdiction of the court. *Murray*, 817 F.2d at 1583 ("[T]he Claims Court has jurisdiction over a taking claim."). However, the collection of a legally authorized tax does not amount to a taking under the Fifth Amendment. *See U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed.Cir.2002) (holding that the imposition of federal income tax does not constitute a taking). It is settled law that taxation is not "the taking of private property for public use, in the sense of the Constitution." *Mobile County v. Kimball*, 102 U.S. 691, 703, 26 L.Ed. 238 (1880). "Thus, although plaintiff [ ] [is] correct that this court has jurisdiction over Fifth Amendment takings claims, plaintiff [ ] ha[s] not properly stated a claim for a taking." *Skillo*, 68 Fed. Cl. at 743; *see also Demes v. United States*, 52 Fed.Cl. 365, 369 (2002). The court must therefore dismiss plaintiff's Fifth Amend-

ment Takings Clause claim for failure to state a claim upon which relief can be granted.

### G. The Anti–Injunction Act Prevents the Court from Issuing an Injunction Restraining the Government from Collection of Taxes

■ Plaintiff has requested in plaintiff's motions that the court issue a preliminary injunction and a temporary restraining order preventing the government from collecting any additional money through the levy on plaintiff's wages. *See* Pl.'s Mots. However, the court cannot issue any injunctive relief that would prevent the government from collecting the taxes that plaintiff himself assessed as being owed to the IRS. The Anti–Injunction Act, in relevant part, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a); *see also Stiles v. United States*, 47 Fed.Cl. 1, 2 (2000) ("The Anti–Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the [IRS] from collecting that tax." (citation omitted)). In addition, because plaintiff is not entitled to money damages, it is not within the jurisdiction of the court to grant purely equitable relief. *Bowen v. Massachusetts*, 487 U.S. 879, 904–05, 108 S.Ct. 2722, 101 L.Ed.2d 749 (holding that the Claims Court has no power to grant equitable relief.). The court therefore lacks jurisdiction of plaintiff's request for injunctive relief.

### H. Transfer of the Case

The court now considers whether it may transfer plaintiff's claim to the Tax Court pursuant to 28 U.S.C. § 1631 to cure want of jurisdiction over plaintiff's tax claim.[4] Section 1631 provides, in relevant part, that

---

**3.** Plaintiff alleges that the IRS failed to issue a notice of deficiency and that the IRS failed to allow plaintiff to contest the assessed liability to the United States Tax Court (Tax Court) as is required by 26 U.S.C. § 6213(a). Compl. 6. However, because plaintiff's tax liability was self-assessed, the IRS was not required to issue a notice of deficiency or follow the appeal procedure established by 26 U.S.C. § 6213(a). Motion by the United States to Dismiss Plaintiff's Complaint and Response to Plaintiff's Motions for Equitable Relief (defendant's motion or Def.'s

Mot.), May 17, 2007, 6; *see also* 26 U.S.C. § 6211(a).

**4.** Plaintiff has not requested transfer of the case to the Tax Court. Because plaintiff is proceeding pro se and because transfer rather than dismissal is the preferred option under 28 U.S.C. § 1631, the court will consider sua sponte whether to transfer the action to the Tax Court. *See Skillo v. United States*, 68 Fed.Cl. 734, 743 & n. 15 (2005).

"[w]henever a civil action is filed in a court as defined in section 610 of this title ... and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed...." 28 U.S.C. § 1631. However, the court cannot transfer plaintiff's claim to the Tax Court because the Tax Court is not one of the courts to which transfer is permitted by 28 U.S.C. § 610.[5] *See Skillo,* 68 Fed.Cl. at 744–47 (holding that the Court of Federal Claims is without authority to transfer a case to the Tax Court even if it is in the interest of justice to do so and the action could have been brought in the Tax Court, because the Tax Court is not specifically enumerated in § 1631).

However, the United States district court appears to have exclusive jurisdiction of plaintiff's claim construed, *see* part C.1 *supra,* as a claim for damages for unauthorized collection of taxes. 26 U.S.C. § 7433(a). The court determines that transfer of this case to the United States District Court for the Western District of North Carolina "is in the interest of justice." 28 U.S.C. § 1631.

### III. Conclusion

For the foregoing reasons, the court DISMISSES plaintiff's claim under the Takings Clause for failure to state a claim upon which relief can be granted. RCFC 12(b)(6). The court is without jurisdiction to hear plaintiff's remaining claims and orders that the remaining claims be TRANSFERRED to the United States District Court for the Western District, of North Carolina. Furthermore, because the court finds that it does not have jurisdiction over plaintiff's claims, plaintiff's motions filed on August 20, 2007 seeking disposal of pending motions and an extension of time to file the joint pretrial status report are MOOT. The Clerk of the Court shall

enter judgment dismissing plaintiff's complaint as to his takings claim.

IT IS SO ORDERED.

---

5. Section 610 of Title 26 of the United States Code provides that "the word 'courts' includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610. The Tax Court is not specifically enumerated under the definition of "courts," for the purposes of this section.