# In the United States Court of Federal Claims

No. 22-1709

(Filed: January 30, 2023)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| _____ | ) |
| | ) |
| **DEAN ERVIN PHILLIPS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Dean Ervin Phillips, *pro se*, Centralia, Washington.

Joshua D. Tully, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. Appearing with him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Corinne A. Niosi, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Plaintiff Dean Ervin Phillips submitted a complaint to the Clerk of this court on November 14, 2022. *See* Compl., ECF No. 1. Mr. Phillips named as defendants Mr. Cooper (Nationstar Mortgage, LLC d/b/a Mr. Cooper), Affinia Default Services, LLC, their employees Laura Coughlin, Jay Bray, and Christopher Marshall, and the United States. *See* Compl. ¶¶ 2-6, 55; Compl. Ex. 1, at 2. In the complaint, Mr. Phillips alleges that defendants "trespass[ed] upon [his] private property" in violation of the Fifth Amendment, starting on July 27, 2022 and continuing thereafter. *See* Compl. ¶¶ 18, 21. He also alleges a violation of 15 U.S.C. § 1692c(a), which restricts debt collectors' communication with consumers. Compl. ¶ 17; *see* 15 U.S.C. § 1692c(a). Specifically, he alleges three counts: (1) administering property without right, (2) abuse of process, and (3) abusive debt collection practice. Compl. ¶¶ 28-51. Mr. Phillips's suit arises from efforts by private companies to collect his home mortgage debt. *See* Compl. ¶¶ 28-51; Compl. Ex. 1. In his prayer for relief, Mr. Phillips asks the court to order five million dollars in punitive damages as well as actual, compensatory, and additional punitive damages. *See* Compl. ¶¶ 56-57.

Mr. Phillips also submitted an incomplete motion for leave to proceed *in forma pauperis* (IFP) on November 14, 2022. *See* Mot. for Leave to Proceed IFP, ECF No. 2. On November 27,

2022, the court rejected Mr. Phillips's motion to proceed IFP and directed him to complete an IFP application or submit the filing fees within 30 days. *See* Order of Nov. 22, 2022, ECF No. 6. Mr. Phillips then submitted a motion for reconsideration of his IFP motion, which was filed by leave of the court on January 4, 2023. *See* Pl.'s Mot. for Recons., ECF No. 10. In addition, Mr. Phillips submitted a motion to show authority, which was filed by leave on January 11, 2023, challenging the government attorney's authority in this case. Pl.'s Mot. to Show Authority, ECF No. 12.

On January 17, 2023, the government filed a motion to dismiss Mr. Phillips's complaint along with a response to Mr. Phillips's motion to show authority. Def.'s Mot. to Dismiss and Opp'n to Pl.'s Mot. to Show Authority, ECF No. 13. The government asks the court to dismiss the case for "failure to comply with the [c]ourt's order to pay the required filing fee or submit an application to proceed [IFP], lack of subject[-]matter jurisdiction, and failure to state a claim upon which relief can be granted." *Id.* at 1. The government also responds that the government's attorney has authority to represent the United States in this case. *Id.* at 8. On January 26, 2023, plaintiff then filed a motion to strike defendant's motion to dismiss and response to motion to show authority. Pl.'s Mot. to Strike, ECF No. 15. On January 26, 2023, Mr. Phillips filed a motion for an emergency injunction or protective order. Pl.'s Mot. for Emergency Inj. or Protective Order. That motion was denied on January 27, 2023. *See* Order, ECF No. 19. On January 27, 2023, the government filed a response to defendant's motion to strike and a motion to stay the case until the court acts on its IFP order or on the government's motion to dismiss. Def.'s Opp'n to Mot. to Strike, ECF No. 16; Def.'s Mot. to Stay, ECF No. 17. On January 30, 2023, Plaintiff again moved to strike "all docket entries" filed by the government. Pl.'s Second Mot. to Strike, ECF No. 23. The various motions are ready for disposition.

## DISCUSSION

### A. Failure to File IFP Application or Filing Fee

Mr. Phillips has not paid the court's filing fee or filed a complete IFP application. To proceed with a civil action in this court, a plaintiff must either pay $402.00 in fees—a $350.00 filing fee plus a $52.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915; U.S. Courts, *U.S. Court of Federal Claims Fee Schedule*, www.uscourts.giv/services-forms/fees/us-court-federal-claims-fee-schedule (last visited Jan. 30, 2023). Plaintiff submitted his complaint without the filing fees or a completed IFP application. *See* Mot. for Leave to Proceed IFP. Plaintiff was subsequently ordered to complete an IFP application or file the fee and was sent an IFP application. *See* Order, Nov. 27, 2022. Rather than completing the IFP application, Mr. Phillips filed a motion for reconsideration, rejecting the proposition that he "has a financial obligation to access the judicial courts of the United States." Pl.'s Mot. for Recons. Mr. Phillips stated that he has no financial obligation "since he is not exercising a privilege of Interstate or Foreign Commerce." *Id.* Because Mr. Phillips did not submit an IFP application or pay the filing fee, this action shall be dismissed under Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC). RCFC 41(b).

### B. Lack of Subject-Matter Jurisdiction and Failure to State a Claim upon which Relief can be Granted

Mr. Phillips has not alleged a claim over which the court has subject-matter jurisdiction, RCFC 12(b)(1), or a claim upon which relief can be granted, RCFC 12(b)(6).

#### 1. Standards for decision

The court must have subject-matter jurisdiction over a claim to consider it. *See* RCFC 12(b)(1). Plaintiff must prove that the court has subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Pleadings of *pro se* plaintiffs are held to a less stringent standard, but they still must establish that the court has jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The plaintiff must also state a claim upon which the court can grant relief. *See* RCFC 12(b)(6). Plaintiff must allege facts that are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss for failure to state a claim, the court must accept undisputed facts as true and "construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[T]he court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

#### 2. Plaintiff's complaint is dismissed under 12(b)(1) and 12(b)(6)

Mr. Phillips does not state a claim over which the court has subject-matter jurisdiction and does not state a claim upon which the court can grant relief. The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide substantive rights. *See United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction, Mr. Phillips must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

Mr. Phillips alleges wrongdoing by private entities and individuals, not the United States. He challenges actions by a mortgage servicer (Mr. Cooper) and a default services company and trustee (Affinia Default Services, LLC) and their employees, not the government. *See* Compl. ¶¶ 2-6, 55; Compl. Ex. 1, at 2.[1]  Although Mr. Phillips references the Constitution's Fifth Amendment,[2] "plaintiff must establish more than the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court." *Russell v. United States*, 78 Fed. Cl. 281, 285 (2007); *See* Compl. ¶ 18.  In addition, Mr. Phillips alleges a violation of 15 U.S.C. § 1692, which is part of the Fair Debt Collection Practices Act and prevents harassing or abusive practices.  However, an action under 15 U.S.C. § 1692 for alleged violations by debt collectors would be against the debt collector, not the United States government.  Therefore, plaintiff has not alleged a claim against the United States government for money damages and therefore his complaint must be dismissed.

## CONCLUSION

For the reasons stated, plaintiff's motion for reconsideration, plaintiff's motion to show authority, and both of plaintiff's motions to strike are DENIED.[3]  Defendant's motion to stay is DENIED as moot.

In addition, for the reasons stated, the government's motion to dismiss pursuant to RCFC 41(b), 12(b)(1), and 12(b)(6) is GRANTED.

The Clerk shall dismiss plaintiff's complaint for failure to state a viable claim.  The Clerk is directed to enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[1] Mr. Phillips did not have a contract, express or implied, with the government. *See generally* Compl.  In addition, although Mr. Phillips states that defendants "are attempting to use a [United States Department of Housing and Urban Development ("HUD")] process against a private man and his private property," *See* Compl. ¶ 40, and although the notice of default from Affinia Default Services, LLC states that Mr. Phillips could seek help from HUD, Compl. Ex. 1, at 1-2, his claims are against private entities and individuals; he has not alleged a claim against the United States.

[2] The court does not have jurisdiction over claims under the Fifth Amendment's and Fourteenth Amendment's due process and equal protection clauses. *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed Cir. 1995).

[3] Plaintiff's motion to show authority is denied.  The attorney for the United States has authority to represent the government in this matter. *See* 28 U.S.C. § 516.